Decided 26 March, 1900.

### BALTE *v.* BEDEMILLER.

[60 Pac. 601.]

SALES—WARRANTY OF TITLE—POSSESSION BY VENDOR.

1. Where personal property in the possession of the vendor is sold at a fair price, the law implies a warranty of title; but no such warranty is implied where a third person has possession.

SALES—BREACH OF WARRANTY—ATTORNEY'S FEES AS DAMAGES.

2. A vendee who, after an unavailing notice to his vendor, unsuccessfully defends the title that has been warranted to him, is entitled to recover from the vendor as part of his damages the amount paid his attorneys for making such defense: *Olds* v. *Cary*, 13 Or. 362, distinguished.

From Multnomah: E. D. SHATTUCK, Judge.

Action by Joseph Balte against Thomas Bedemiller for breach of warranty of title to a mare, originally com-

menced in the Justice's Court of Portland District, Mult-
nomah County. It is alleged, in substance, that about
April 1, 1897, plaintiff purchased a sorrel mare of the
defendant, upon his representation that he was the owner
thereof, paying him therefor the sum of $20 ; that about
July 1, 1897, one Christian Hollsifer claimed said mare,
and demanded the possession thereof from plaintiff, who
notified defendant of said demand and requested him to
repay the purchase price, but he refused to do so, and
denied that Hollsifer was the owner of said property ;
that about August 3, 1897, Hollsifer commenced an action
against plaintiff, wherein he claimed and secured the
immediate possession of said mare, whereupon plaintiff
notified defendant of the nature and pendency of said
action, and requested him to defend the same, which he
refused to do, and plaintiff was compelled to employ
counsel, who filed an answer denying the allegations of
the complaint, and a trial being had, resulted in a judg-
ment to the effect that Hollsifer was the owner of the
mare, and entitled to retain the possession thereof, and
to recover his costs and disbursements, taxed at $11.90,
whereby plaintiff (the defendant therein) lost the pos-
session of said property ; that the reasonable compen-
sation, as attorney's fees, for the service performed by
counsel so employed by plaintiff, is the sum of $10 ; that
defendant has not repaid any part of said purchase price,
or paid any part of the said costs or attorney's fees, for
which sums judgment was demanded. A demurrer to
the complaint on the ground that it did not state facts
sufficient to constitute a cause of action having been over-
ruled, judgment was given as prayed for, which on ap-
peal was affirmed by the circuit court for said county,
and the defendant appeals to this court.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Granville G. Ames.*

For respondent there was a brief over the name of *Stott, Boise & Stout,* with an oral argument by *Mr. Geo. C. Stout.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. The complaint not having alleged that defendant was in the possession of the mare at the time of the purchase, it is maintained by defendant's counsel that no facts are stated from which a warranty of title can be implied, and that the court erred in overruling the demurrer. Plaintiff's counsel insist, however, that, the complaint having alleged that defendant represented himself to be the owner of the property, his statement to that effect is a warranty of title, requiring him to make good his affirmation, and hence the complaint was sufficient in that respect. The rule is pretty well settled in this country that on the sale, at a fair price, of personal property in the possession of the vendor, the law, in the absence of any statement or existence of facts or circumstances to the contrary, implies a warranty of title ; but, where the property is in the possession of a third party at the time of the sale, no such warranty results, the rule of *caveat emptor* being applied : Benjamin, Sales (2 Am. ed.), § 641; Story, Sales (Perkin's ed.), § 367; 2 Kent, Comm. *478; 1 Parsons, Cont. (7 ed.) *574; *Scott* v. *Hix,* 2 Sneed, 192 (62 Am. Dec. 458, and notes). Blackstone, in speaking of implied warranties, says : "A purchaser of goods and chattels may have a satisfaction from the seller, if he sells them as his own and the title proves deficient, without any express warranty for that purpose :" 2 Blackstone, Comm. (3 ed.) *451. "It is also universally conceded," says Mr. Ben-

jamin in his work on Sales (section 627), "that, in the sale of an ascertained specific chattel, an affirmation by the vendor that the chattel is his is equivalent to a warranty of title." In *McCoy* v. *Artcher*, 3 Barb. 323, it is held that an affirmation of title by a vendor out of possession creates an implied warranty, and subjects the vendor to the same liability as if he had possession of the property. Mr. Justice PARKER, speaking for the court in announcing the decision, says: "A warranty should only be implied when good faith requires it. I think it is fair and equitable to hold that the possession of the vendor is equivalent to an affirmation of title, and that in such case the vendor shall be held to an implied warranty of title, though nothing be said on the subject between the parties. But if the property sold be at the time of the sale in the possession of a third person, and there be no affirmation or assurance of ownership, no warranty of title should be implied. If, however, there be an affirmation of title where the vendor is not in possession, the vendor should be subjected to the same liability as if he had the possession of the property."

The vendor's possession of personal property creates a presumption of his ownership (Hill's Ann. Laws, § 776, subd. 11), and a sale by him while so possessed, when nothing is said respecting the title, and no facts or circumstances exist tending to show that he did not intend to assert ownership, creates an implied warranty that he had a valid title; and if at the time of the sale a third party had a better title, and subsequently takes such property, or disturbs the purchaser's possession thereof, the vendor is responsible for the damages which result from a breach of such warranty (*Trigg* v. *Faris*, 5 Humph. 343). The right attaching to the warranty which the law implies from the vendor's possession of personal property, and his silence respecting his ownership, when he

effects a sale thereof, confer a remedy which compels him
to respond in damages for a breach of such warranty.
So, too, when the vendor affirms that he is the owner of
an ascertained specific chattel, though not in his posses-
sion at the time of its sale, such representation is equiva-
lent to an implied warranty of title : 2 Blackstone, Comm.
(3 ed.) *451; Benjamin, Sales (2 Am. ed.), § 627.
And the right attaching to such warranty confers a rem-
edy which compels the vendor to make good his assertion
in case of any breach of such warranty : *Byrnside* v. *Bur-
dett*, 15 W. Va. 702. It does not clearly appear from an
examination of the complaint that the mare was not in
defendant's possession at the time of the sale ; but, how-
ever that may be, the allegation of his assertion of own-
ership is tantamount to a warranty, which renders him
liable for a breach thereof, and hence the complaint is
sufficient in that respect.

2. It is contended by defendant's counsel, upon the
authority of *Olds* v. *Cary*, 13 Or. 362 (10 Pac. 786), that
plaintiff was not entitled to the expense incurred in the
employment of an attorney, and that the court erred in
rendering judgment for any sum on account thereof. In
that case it appeared that Olds had been made a party
defendant in a prior suit instituted by Cary to enjoin him
from interfering with a certain inclosure, in the final
determination of which the temporary injunction was dis-
solved, the suit dismissed and the costs and disbursements
taxed to and paid by Cary. Olds thereupon brought an
action upon the undertaking for the injunction, alleging
that he had been compelled to employ counsel in defend-
ing the suit, and incurred an expense of $150 on account
thereof, which he sought to recover ; and, having secured
a judgment for that sum in the court below, Cary ap-
pealed, whereupon it was determined that a new trial
should be ordered unless Olds remitted the sum of $100—

this court having found that $50 was a reasonable compensation for the expense occasioned in an unsuccessful effort made during the progress of the case to dissolve the preliminary injunction. An actual controversy existed between Olds and Cary respecting an inclosure, and to allow attorney's fees to the prevailing party, in excess of that prescribed by statute, would, in effect, compel the defeated party in every instance to bear all expenses of that character incurred by his adversary in the trial of a cause. A party, in order to maintain his rights in a suit or action, is ordinarily obliged to employ counsel; and the expense thereby incurred is probably caused by, but is not recoverable from, his adversary, except when made so by statute, or for services in special proceedings not going to the merits, as in the *Olds Case.* Olds' action having been predicated on a breach of the undertaking, its stipulations and conditions afforded the measure of his right; and, as that provided for the payment of such damages as he might sustain if the injunction was wrongful or issued without sufficient cause, the relief afforded was properly limited to the expenses necessarily incident to the preliminary injunction, and not to the defense of the suit on the merits : 2 Sutherland, Dam. 604 ; *Parker* v. *Bond,* 5 Mont. 1 (1 Pac. 209); *Trapnall* v. *McAfee,* 3 Met. (Ky.) 34 (77 Am. Dec. 152). In the action instituted by Hollsifer to recover the possession of the mare, Balte's defense was based upon Bedemiller's denial that Hollsifer was the owner. Balte and Bedemiller were not adverse parties in that action, but the latter having been notified of the nature and pendency thereof, and invited to make the defense, but having neglected to do so, the expense occasioned in the employment of counsel is attributable to his breach of the warranty of the title. If the purchaser defends the title against an action brought by a third party, of which the vendor had notice, the lat-

ter will be compelled to pay, in case the title fails, not only the price received, and interest thereon, but also the costs and expenses of the defense. Mr. Rawle, in his work on Covenants (4 ed. p. 308), in speaking of counsel fees incurred in defending the title, says, "Such costs have, however, been held in many cases to be recoverable as a part of the damages, although no notice of the adverse suit may have been given to the covenantor." The attorney's fees constitute a part of the damage which plaintiff sustained in consequence of the defendant's breach of warranty, and, judgment having been given therefor, the same is affirmed.      AFFIRMED.