Argued January 29, decided February 10, 1914.

# ELLIS *v.* ABBOTT.*

(138 Pac. 488.)

**Covenants—Construction—What Law Governs.**

1. A covenant in a mortgage executed by a married woman with her husband is governed by the law of the state where the property is located.

[As to conflict of laws, affecting the rights and obligations of married women, see note in 85 Am. St. Rep. 552.]

---

*As to conflict of laws governing covenant in real estate mortgage, see note in 17 L. R. A. (N. S.) 1094.

On the question of presumption as to the law of other state or country, see notes in 21 L. R. A. 471 and 67 L. R. A. 33.

The question of the operation and effect of a conveyance in which a wife joins with her husband is treated in a note in 22 L. R. A. 782.

As to the measure of damages for breach of contracts and covenants as to real property, see note in 36 L. Ed. (U. S.) 800.            REPORTER.

Evidence—Presumptions—Laws of Other State.

2. The statutes of Washington as to the property rights of married women being neither pleaded nor proven, the rules of the common law are presumed to prevail there.

> [As to presumption that statutes of foreign state are similar to those of domestic forum, see note in 1 Ann. Cas. 459.]

Husband and Wife—Covenant—Effect as to Wife.

3. Section 7101, L. O. L., enacted in 1854, provides that a husband and wife may, by their joint deed, convey the real estate of the wife, but the wife shall not be bound by any covenant in the joint deed. Section 7049, enacted in 1878, provides that contracts may be made by a wife, and liabilities incurred and enforced by or against her as if she were unmarried. Section 7050 repeals all laws which impose or recognize civil liabilities upon a wife which are not imposed or recognized as to the husband. *Held,* that a wife who joins her husband in a mortgage of his property with a covenant on the part of both to pay the debt is bound thereby, so that a personal decree against her therefor is proper; Section 7101 being repealed by Section 7049.

Covenants—Actions for Breach—Measure of Damages.

4. A vendee who, after an unavailing notice to his vendor, unsuccessfully defends the title which has been warranted to him may recover from the vendor as a part of the damages the reasonable amount of his attorney's fees for making the defense.

Appeal and Error—Presenting Questions in Trial Court—Sufficiency of Objection.

5. An objection in the trial court to the admission of depositions as incompetent, irrelevant, immaterial, and improper is insufficient to preserve for review the question whether there was error in receiving them in the absence of testimony to show the inability of the witnesses to be present at the trial.

Appeal and Error—Assignments of Error—Sufficiency.

6. Assignments that the court erred in overruling defendant's objection to the introduction of evidence, and in overruling defendants' objections to certain other evidence, as appears more fully from the bill of exceptions, not pointing out the particular objections, nor setting forth the testimony received or excluded, are insufficient.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by A. S. Ellis against H. M. Abbott and Nettie M. Abbott, his wife, to recover damages for a breach of warranty. S. Green and Esther Green on August 30, 1908, gave to the defendant H. M. Abbott their promissory note of $1,000, payable in three years, with interest from date at the rate of 7 per cent per annum, and to secure the payment thereof they at the

same time executed to him a mortgage of real property in Hood River County, Oregon. Abbott purchased from E. Quartermas a tract of land, transferring to him on account thereof the note and mortgage mentioned, and, as further security, Abbott and his wife, the defendant Nettie M. Abbott, on September 29, 1908, executed to him a mortgage of the south half of the southwest quarter of the southeast quarter of section 32, in township 4 north, of range 12 east, in Klickitat County, Washington, the title to such real property having been taken in the name of H. M. Abbott. The mortgage last referred to was duly recorded, thereby creating a lien upon the premises. Such conditional transfer expresses a consideration of $1, and the material part of the sealed instrument reads: ''This conveyance is intended as a mortgage to secure the payment of the sum of one thousand dollars in accordance with the tenor of a certain promissory note of which the following is a copy, to wit: [Setting forth a duplicate of the negotiable instrument mentioned.]'' Abbott and his wife on April 29, 1909, for a valuable consideration, conveyed to the plaintiff, A. S. Ellis, *inter alia,* the real property above particularly described, covenanting that the premises were free from all encumbrances except a security mortgage for $1.00, which they agreed to pay, and that they would warrant and defend the granted land to the grantee, his heirs and assigns forever against the lawful claims and demands of all persons whomsoever. Ellis and his wife on July 28, 1910, conveyed the real property in Klickitat County to Joseph E. Reynolds, executing to him a deed of general warranty. Thereafter Reynolds commenced an action against Ellis and his wife to recover damages for a breach of the covenant in their deed, in consequence of the lien of the mortgage executed by Abbott and wife, who, though notified of the commencement of the action, refused

to become parties thereto or to pay any part of the debt so secured. The defendants in that action filed an answer admitting some of the averments of the complaint and denying others. While the cause was pending, Ellis, who was unable to secure a release of the lien as to the land in the State of Washington without discharging the obligation, paid the debt to Belle Lowe, who had become the owner and holder of the note and mortgage, securing from her an assignment thereof. Thereupon the lien upon the land in Klickitat County was discharged, and Reynolds caused his action to be dismissed. Ellis, having executed to the defendants herein an assignment of the note and a transfer of the mortgage as to the land in Hood River County, tendered the same to them, and demanded a repayment of the sum expended in securing a discharge of the lien upon the land in the State of Washington, and of the costs, disbursements and outlays incurred in defending the action so brought by Reynolds. The defendants declining to pay any part of the sum so demanded, this action was instituted, the complaint alleging the facts in greater detail than hereinbefore set forth.

The answer denied most of the averments of the complaint, and, for a further defense, alleged that the defendant Nettie M. Abbott joined in executing the deed to the plaintiff solely to bar her inchoate right of dower in the premises, and that the lien upon the land in Klickitat County was not to be enforced unless, upon a foreclosure of the mortgage of the Hood River County land and a sale of the premises, a deficiency occurred.

The cause was tried without a jury, and findings of fact and of law were made in plaintiff's favor, and, a judgment having been given thereon for $1,000, with interest from August 30, 1908, at the rate of 7 per cent per annum, $150 as reasonable attorney's fees in the

Reynolds action, and $50 as disbursements incurred in defense therein, the defendants appeal.

'AFFIRMED.

For appellants there was a brief over the name of *Messrs. Kimball & Ringo,* with an oral argument by *Mr. Ernest R. Ringo.*

For respondent there was a brief over the names of *Messrs. Giltner & Sewall* and *Mr. E. J. Brazell,* with an oral argument by *Mr. Brazell.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is argued that, as the title to the land in Klickitat County, Washington, was in the name of H. M. Abbott, his wife joined in executing the deed to the plaintiff only to bar her inchoate right of dower; that, such being the case, she is not bound by any of the covenants contained in the deed, and hence an error was committed in rendering a judgment against her. In support of the legal principles insisted upon, reliance is placed upon Section 7101, L. O. L., which was enacted in the year 1854, and reads:

"A husband and wife may, by their joint deed, convey the real estate of the wife, in like manner as she might do by her separate deed if she were unmarried; but the wife shall not be bound by any covenant contained in such joint deed."

1. As the land granted to the plaintiff is situate in the State of Washington, the covenant of warranty to which Mrs. Abbott subscribed her name to evidence the transfer of the title is governed by the law of that state: 22 Am. & Eng. Ency. of Law (2 ed.), 1337; 2 Devlin, Deeds (3 ed.), § 837.

2. The statute of Washington prescribing the property rights of married women and limiting or expand-

ing their liabilities was neither pleaded nor offered in evidence, and, in the absence of such averment and proof, it would undoubtedly be presumed that the rules of the common law relating to the subject prevail in that state: *Goodwin* v. *Morris,* 9 Or. 322; *Scott* v. *Ford,* 52 Or. 288 (97 Pac. 99); *De Vall* v. *De Vall,* 57 Or. 128 (109 Pac. 755, 110 Pac. 705). Whatever the law may be in the state where the real property is situated, as notice thereof will not be taken and as this action is transitory and was tried on the assumption that the statutes of Oregon were controlling, the judgment, in this instance, will be reviewed on the theory thus adopted.

3. Section 7101, L. O. L., hereinbefore quoted, was impliedly repealed by Section 7049, L. O. L., which was enacted in the year 1878 and reads:

"Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried."

Section 7050, L. O. L., as far as material herein, is as follows:

"All laws which impose or recognize civil liabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed."

In construing these provisions in the case of *First National Bank* v. *Leonard,* 36 Or. 390 (59 Pac. 873), it was held that a wife, who joined her husband in encumbrancing his property to secure his debt, the mortgage containing a covenant on the part of both that they would pay the obligation, was bound thereby, and that a personal decree rendered against her was proper and enforceable out of her separate property. The conclusion reached in that case governs the determination herein, and shows that Mrs. Abbott is liable on her covenant for the damages resulting from a breach of the warranty.

4. It is maintained that the defendants are not liable for the payment of the attorney's fees incurred by the plaintiff in defending the action brought against him by Reynolds for a breach of the warranty contained in the deed transferring the title to the premises. The rule thus contended for is without merit, for in *Balte* v. *Bedemiller,* 37 Or. 27 (60 Pac. 601, 82 Am. St. Rep. 737), the decision rendered in *Olds* v. *Cary,* 13 Or. 362 (10 Pac. 786), was distinguished, and it was held that a vendee who, after an unavailing notice to his vendor, unsuccessfully defends the title that has been warranted to him is entitled to recover from the vendor as a part of the damages the reasonable amount of his attorney's fees for making the defense.

5. Pursuant to an order of the court and a stipulation of the parties, waiving all objections as to the time, place, form and manner of taking the testimony, the depositions of A. S. Ellis and L. B. Snyder were received in evidence, over objection and exception that such written, sworn declarations were incompetent, irrelevant, immaterial and improper. It is contended by defendants' counsel that an error was committed in receiving such evidence, in the absence of testimony tending to show the inability of such witnesses to be present at the trial.

In *Carter* v. *Wakeman,* 45 Or. 427 (78 Pac. 362), the same objections were urged at the trial as were made herein, and further that no foundation for the introduction of the deposition had been laid, which objection in that case having been overruled and an exception allowed, it was held that an error had been committed. As to the degree of proof required when such objection is properly made in the trial court, see the case of *State* v. *McDonald,* 59 Or. 520 (117 Pac. 281). In the case at bar the objection did not state that it was made on the ground that no foundation

had been laid for the introduction of the deposition in evidence.

In the examination of a cause upon appeal, the inquiry is limited to the identical question considered by the trial court. Any other course of procedure would not be a review. An attorney cannot be permitted to speculate upon the possibility of a judgment favorable to his client, and, if disappointed in this particular, enlarge the objections interposed at the trial. The error insisted upon was not presented in such manner as to notify the court and adverse counsel of the real question now urged, so as to afford an opportunity to make the requisite proof as a condition precedent to the introduction of the deposition in evidence. Such being the case, the error complained of is unavailing.

6. Other objections are assigned as follows: (2) "That the court erred in overruling defendants' objection to the introduction of evidence." (4) "The court erred in overruling defendants' objection to certain other evidence at said trial, as appears more fully from the bill of exceptions herein." The exceptions do not point to the particular objections that may have been made and overruled, or set forth the testimony that may have been received or excluded, and for that reason they are insufficient.

An examination of the entire testimony contained in the transcript which is attached to and made a part of the bill of exceptions convinces us that no error was committed in denying the motion for a judgment of nonsuit.

It follows that the judgment should be affirmed, and it is so ordered.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.