Argued October 7, affirmed November 4, 1919.

# ESTEP *v.* BAILEY.

### (185 Pac. 227.)

**Covenants—Conclusiveness of Judgment After Notice to Covenantor.**

1. Where action on covenant against encumbrances was brought by grantee to recover amount of judgment he had been compelled to pay in action by owner of outstanding lease, of which action defendant grantors had been notified, and also to recover $50 attorney's fees in the former action, the reasonableness of such fees not having been questioned in the former action, there was no necessity of submitting that part of the case to the jury; defendants' contention being that they were not liable therefor.

**Covenants—Outstanding Lease as Breach of Covenant Against "Encumbrances."**

2. The existence of a valid lease to another at the date of the warrantors' deed was a breach of their covenant against encumbrances, an "encumbrance" being a burden on the land which depreciates its value, as a lien, easement, or servitude.

**Crops—Covenants—Right to Growing Crops on Failure to Reserve in Deed.**

3. As between vendors and purchaser a deed to the property upon which a crop is growing conveys to the purchaser the growing crop as a part of the real property, unless the same is reserved by the vendors in the deed, and this is true even if the purchaser knew that there was an outstanding lease upon a portion of the premises at the time of purchase.

**Landlord and Tenant—Right of Tenant to Crops as Against Landlord and His Grantee.**

4. A tenant is entitled, as against the landlord and his successors, to the annual crops raised on the land during the tenancy, and as between them such crops are not a part of the freehold, but the property of the tenant, in the absence of contrary stipulation.

[As to title to or interest in crop, see note in 98 Am. St. Rep. 956.]

**Covenants—Measure of Damages for Breach of Covenant Against Encumbrances.**

5. Generally the measure of damages for breach of a covenant against encumbrances by reason of an outstanding lease is the value of the use of the premises during the remainder of the life of the lease.

**Covenants—Recovery of Expenses Incurred in Defending Title.**

6. Grantee in a warranty deed is entitled to expenses incurred in defending title against the claim of a third party.

**Covenants—Damages from Breach of Covenant Against Encumbrances.**

7. Where, at time of conveyance with covenant against encumbrances, there was an outstanding lease, the tenant under which had planted a crop, which the grantee thereafter harvested and sold, the grantee could recover from the grantors the amount of the judgment and costs secured against her in an action, of which warrantors were notified, by the tenant for the value of the crop so sold by the grantee.

**Covenants—Conclusiveness of Judgment After Notice to Covenantor.**

8. Grantee having notified defendant warrantors to defend an action brought by tenant under outstanding lease against grantee for conversion of crops not reserved in the deed, the vendors are bound by the judgment in that case to the same extent as though they had been parties to the record, and such judgment is conclusive upon them as to the existence and validity of the tenant's outstanding lease from the former owner, and as to the amount grantee was compelled to pay tenant in tenant's action for conversion of crops growing on the land at date of purchase.

**Judgment—Conclusiveness on Party Notified to Defend.**

9. Where a party against whom an ultimate liability is claimed is fairly and fully notified of the claim, and that the action is pending and given full opportunity to defend or to participate in the defense, if he then neglects or refuses to make any defense he may claim to have, the judgment will bind him in the same way and to the same extent as if he had been made party to the record.

**Covenants—Liability to Covenantee for Attorney's Fees.**

10. Where grantee in warranty deed was obliged to incur the expense of $50 for attorney's fees in defending an action, of which her warrantor was notified, by tenant under a lease outstanding at the time of conveyance, for conversion by grantee of such tenant's crop then on the land she could recover for such expense from her warrantor.

**Appeal and Error—Review of Rulings on Evidence Unnecessary.**

11. In purchaser's action against vendor for breach of covenant against encumbrances where tenant, under an outstanding lease, had obtained a judgment against purchaser, it is unnecessary on appeal to determine the question in regard to the introduction of oral evidence as to what was said in relation to the crop at the time of negotiations for the sale.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

This is an action for the breach of a covenant of warranty contained in a deed. Judgment was ren-

dered in favor of plaintiff from which defendants appeal.

The facts of the case are in effect as follows: On January 19, 1917, defendants J. W. Bailey and Grace S. Bailey, his wife, being the owners of lot 10 in Oak Park Subdivision of section 35, township 1 north, range 3 west of the Willamette Meridian in Washington County, Oregon, containing 10 acres, sold and conveyed the land to plaintiff L. C. Estep by a deed containing the following covenants:

"Said J. W. Bailey and Grace S. Bailey, grantors above named, do covenant to and with the said L. C. Estep, her heirs and assigns that they are the owners in fee simple of the above granted premises, and that they are free from all encumbrances, except a mortgage in favor of Daniel Deaville, given to secure a promissory note for $400, dated July 16th, 1914, and due five years from date, which the grantee herein assumes and agrees to pay, and that they will, their heirs, executors and administrators shall warrant and forever defend the above granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever, except as against said mortgage."

Defendants had purchased the lot a short time before the conveyance from Felix Cabella, who during the fall of 1916 had leased three acres thereof to D. P. Corrieri. The lessee, during the fall of 1916, planted a crop of wheat and vetch on the leased land which was growing at the time of the execution of the deed to plaintiff and which did not mature until the summer of 1917. The plaintiff immediately entered into possession of the property under her deed, and was afterward notified by Corrieri that he claimed to be the owner of the crop. Whereupon plaintiff by her husband F. S. Estep informed defendant J. W. Bailey of

the claim of Corrieri, and was told in effect not to worry over it; that he intended that plaintiff should have the crop, and that Corrieri could not make anything out of the case. Thereafter plaintiff harvested and sold the crop. After which Corrieri instituted an action against the Esteps to recover the value of the crop claimed under his lease. Plaintiff then duly notified the defendants of the action brought by Corrieri, and demanded that defendants appear in the action and defend the title to the property, or otherwise plaintiff would defend the action and expect reimbursement from defendants. The Baileys refused to comply with the notice. Plaintiff resisted the action, but Corrieri obtained a judgment against the Esteps for $119.95 and $38.20 costs.

Defendants objected and excepted to the introduction of the record in this action as evidence of the judgment in favor of Corrieri. At the close of plaintiff's evidence in chief, counsel for defendants moved the court for a judgment of nonsuit against plaintiff, which was denied. After the introduction of all the testimony in the case, counsel for defendants renewed the motion for a nonsuit, which was also overruled. Defendants' contention was that there was not sufficient evidence to take the case to the jury; that plaintiff had not introduced any evidence of the reasonable value of the use and occupation of the premises for the time lost by plaintiff by reason of the Corrieri lease. Defendants offered proof tending to show that the rental value of the three acres leased to Corrieri for the crop season of 1916 and 1917 was $30. This evidence was rejected and an exception to the ruling was duly saved. Counsel for defendants requested instructions to the jury in accordance with their theory of the case. The trial court directed a verdict in favor of plaintiff holding

defendants bound by the judgment in the action insti-
tuted by Corrieri for damages for the conversion of
his crops.                              AFFIRMED.

For appellants there was a brief over the names of
*Mr. Thomas H. Tongue* and *Mr. H. T. Bagley,* with an
oral argument by *Mr. Tongue*

For respondent there was a brief over the names of
*Messrs. Hare, McAlear & Peters,* with an oral argu-
ment by *Mr. R. F. Peters.*

BEAN, J.—1. As plainly stated in appellants' brief:
All the questions to be determined on this appeal clus-
ter about and will necessarily be disposed of by the
determination of the last-named point. The plaintiff
in the case at bar in addition to the amount of the Cor-
rieri judgment recovered $50 for attorneys' fees in the
former action. The reasonableness of this fee was not
questioned in the former action, so there was no neces-
sity for submitting that part of the case to the jury;
the defendants' contention being that they were not
liable therefor.

2. It is urged by counsel for defendants that the
crops on a portion of the land were personal property
owned by Corrieri, and no title thereto passed by the
deed, and that the defendants are not liable under their
covenant for the damages for the conversion of such
crops by plaintiff. It is also contended by defendants
that in any event the true measure of damages in the
present case is the fair rental value of the land for the
unexpired term of the lease. It appears that the lease
from the former owner to Corrieri was not in writing,
and that Mr. Bailey did not know of its existence while
he owned the land. There was no reservation of the

crop in the deed to plaintiff. It is practically conceded in this case that the claim of Corrieri to the crop in the action therefor was based upon the outstanding lease from Cabella, the former owner of the premises.

"An 'encumbrance' is a burden on land which depreciates its value, as a lien, easement, or servitude, and includes 'any right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the conveyance' of the title' '': 2 Words and Phrases, Second Series, p. 1018.

See, also, *Friendly* v. *Ruff,* 61 Or. 42 (120 Pac. 745); Rawle on Covenants for Title (5 ed.), p. 90, § 75. An outstanding lease upon premises at the time of conveyance constitutes an encumbrance: 7 R. C. L. 1164; *Beutel* v. *American Machine Co.,* 144 Ky. 57 (137 S. W. 799, 35 L. R. A. (N. S.) 779).

The existence of a valid lease to Corrieri at the date of the deed from the defendants to the plaintiff was a breach of the covenant against encumbrances, quoted above, and entitled Mrs. Estep, the covenantee, to recover damages: 7 R. C. L., p. 1164, § 79.

3. According to the rule of the common law, growing crops pass with the title to the land on a conveyance thereof in fee, unless they are reserved by the vendor. This rule is based upon the principle that a deed is to be construed most strongly against the grantor, and if the crop is not reserved the grantor is presumed to have intended it to pass with the possession. If the rule were otherwise, a purchaser of land would be subject to the intrusion of the grantor to gather the crop, which, in the absence of a stipulation granting such privilege, would be a trespass, and there would be presented the situation of the ownership by one of personal property on the land of another without the

right to enter and take it: 8 R. C. L., p. 358, § 5; note to *Beutel* v. *American Machine Co.* (Ky.), 35 L. R. A. (N. S.) 779.

As between the Baileys, the vendors of the land and Mrs. Estep, the purchaser, a deed to the property upon which a crop was then growing would convey to the purchaser the growing crop as part of the real property, unless the same was reserved by the vendor in the deed: 8 R. C. L., p. 358, § 5; 12 Cyc. 977; *Jones* v. *Adams*, 37 Or. 473, 475 (59 Pac. 811, 62 Pac. 16, 82 Am. St. Rep. 766, 50 L. R. A. 388); 8 Am. & Eng. Ency. of Law (2 ed.), 303. This is true even if Mrs. Estep, the purchaser of the land knew that there was an outstanding lease upon a portion of the premises at the time she purchased: *Corbett* v. *Wrenn*, 25 Or. 305 (35 Pac. 658); *Clark* v. *Fisher*, 54 Kan. 403 (38 Pac. 493).

4–6. As between Corrieri and his landlord, Cabella, and his successors, Corrieri as a tenant was entitled to the annual crops raised on the leased land during the tenancy. As between them such crops are not part of the freehold, but are the property of the tenant in the absence of any stipulation affecting it: 8 R. C. L., p. 362, § 8; *Opperman* v. *Littlejohn*, 98 Miss. 636 (54 South. 77, 35 L. R. A. (N. S.) 707); *Colville* v. *Miles*, 127 N. Y. 159 (27 N. E. 809, 24 Am. St. Rep. 433, 12 L. R. A. 848); *Olin* v. *Martell*, 83 Vt. 130 (74 Atl. 1060, 138 Am. St. Rep. 1072). In the case of *Clark* v. *Fisher*, 54 Kan. 403 (38 Pac. 493), which is very much in point, as the facts were similar to the case at bar, the syllabus is as follows:

"When the premises conveyed by a deed from a grantee to a grantor with a covenant against encumbrances have a growing crop thereon at the delivery of the deed, belonging to a tenant of the grantor, and the grantee is deprived of the possession on account

of the unexpired term of the lease of the tenant, the value of the crop, less the cost and expense of the taking care of and the harvesting the same, may be considered in estimating the real injury to the grantee arising from being deprived of the possession of the premises until after the crop is harvested and taken away.''

In *Newburn* v. *Lucas,* 126 Iowa, 85 (101 N. W. 730), it was held that in an action for breach of covenants of warranty in a deed, the deed governs and the grantor cannot defeat the covenants by parol evidence of the grantee's knowledge of an encumbrance; also that in an action on a covenant of warranty for damages sustained by reason of the grantor's vendor in possession of the premises at the time of the conveyance claiming the growing crops, the measure of damages is the value of the growing crops at the time of the conveyance. It seems that the measure of damages in the Corrieri case was taken to be the value of the crop less the expense of harvesting the same. In the absence of special circumstances, the general rule is that the measure of damages for the breach of a covenant by reason of an outstanding lease is the value of the use of the premises during the remainder of the life of the lease. A grantee in a deed like the one from defendants to plaintiff is entitled to expenses incurred in defending title against the claim of the third party: Note to *Beutel* v. *American Machine Co.* (Ky.), 35 L. R. A. (N. S.) 779; 15 C. J. 1332; *Balte* v. *Bedemiller,* 37 Or. 27, 33 (60 Pac. 601, 82 Am. St. Rep. 737); *Ellis* v. *Abbott,* 69 Or. 234, 240 (138 Pac. 488).

7. The crop of wheat and vetch was a part of the real estate sold and conveyed by defendants to plaintiff and the title to the grain should have passed by the deed to the plaintiff. The defendants covenanted

that they were the owners of the property including the crop. On account of the outstanding lease at the time of the conveyance, and in order for plaintiff to obtain the benefit of the fruit of the land which she had purchased, and to which she was entitled, and to remove the effect of the encumbrance, she was compelled to pay $208.15. Therefore the plaintiff was actually damaged by reason of the breach of the covenant in that sum. The rental value of the three acres for the unexpired term of the lease from January, 1917, until the crop was removed would not be a fair compensation for plaintiff's damages as nearly one half of the time between the planting and harvesting of the crop had elapsed at the time of the purchase and conveyance. Plaintiff by reason of her purchase and deed was entitled to the benefit of the time that had elapsed, as well as to the result of the labor in preparing the land and planting the crop and the seed therefor. Therefore, under the peculiar circumstances of this case, the rental value rule could not well be applied. She was entitled to recover compensation for the injury resulting to her by reason of the breach of the warranty. The case comes within the exception to the rule where "special circumstances" exist. The underlying principle in cases of this character is that the damages should be estimated according to the real injury caused by the existence of the encumbrance. This would include compensation for trouble and expense caused plaintiff on account of such encumbrance: *Fritz* v. *Pusey,* 31 Minn. 368 (18 N. W. 95) ; *Musial* v. *Kudlik,* 87 Conn. 164 (87 Atl. 551, Ann. Cas. 1914B, 1172) ; *Sarlls* v. *Beckman,* 59 Ind. App. 638 (104 N. W. 598).

8. The defendants having been notified to defend the action brought by Corrieri against the plaintiff being ultimately liable for the damages sustained by plain-

tiff by reason of the outstanding lease at the date of plaintiff's deed, are bound by the judgment in that case to the same extent as though they had been a party to the record. If the defendant desired to contest the case as to the amount of damages or as to the existence of the Corrieri lease, it was incumbent upon them when duly notified of the institution of this action to appear and defend. They having failed and refused to make such defense, the judgment in that case is conclusive upon them as to the following issues in the present case: First. That there was a valid existing and outstanding lease from Cabella, a former owner of the land, to Corrieri of three acres of the land conveying to plaintiff. Second. That by reason of the existence of such lease and the enforcement of Corrieri's right thereunder, the plaintiff, in order to protect her title and obtain the full enjoyment of the use and occupation of the land to which she was entitled under her deed, was compelled to pay the amount of the Corrieri judgment, $158.15, and that plaintiff was thereby damaged in that sum: 15 R. C. L. 1020; *Astoria* v. *Astoria & Columbia River R. Co.,* 67 Or. 538 (136 Pac. 645, 49 L. R. A. (N. S.) 404); *Corvallis etc. R. Co.* v. *Portland etc. Ry Co.,* 84 Or. 524, 542 (163 Pac. 1173).

9. The defendants having failed to make a defense in the Corrieri case after they were noticed to do so cannot now litigate the matters which were the subjects of controversy and adjudicated in the former action. Where a party against whom an ultimate liability is claimed is fairly and fully notified of the claim, and that the action is pending and given full opportunity to defend or to participate in the defense, if he then neglects or refuses to make any defense he may claim to have, the judgment will bind him in the same way and to the same extent as if he had been made party

to the record: *Oceanic Steam Nav. Co.* v. *Campania Transatlantica Espanola,* 144 N. Y. 663 (39 N. E. 360); *Washington Gaslight Co.* v. *District of Columbia,* 161 U. S. 316 (40 L. Ed. 712, 16 Sup. Ct. 564, see, also, Rose's U. S. Notes).

10, 11. The plaintiff being also obliged to incur the expense of $50 for attorneys' fees in defending Corrieri action, the amount of which is not contested, is entitled to recover therefor. The judgment in the Corrieri action being binding upon the defendants, it is unnecessary for us to ascertain whether or not the exact rule as to damages was applied in that case, as the judgment therein has become final. It is also unnecessary to consider the question in regard to the introduction of oral evidence as to what was said in relation to the crop at the time of the negotiations between the plaintiff and defendants for the sale of the ten-acre tract, as the written covenant in the deed governs in the premises.

There was no error in the trial court holding that the defendants are bound by the judgment rendered against plaintiff in the action instituted by Corrieri for damages. The judgment of the lower court is therefore affirmed.                                    AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.