**Maxine CLARK, Plaintiff,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a corporation, and Insurance Company of North America, a corporation, Defendant.**

**Civ. No. 61–39.**

United States District Court
D. Oregon.

Nov. 29, 1961.

Phil Ringle, Jr., Green, Richardson, Green & Griswold, Portland, Or., for plaintiff.

Kenneth E. Roberts, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant.

EAST, District Judge.

One Paul L. Boley (Boley) was insured by Indemnity Insurance Company of North America, now merged with the defendant Insurance Company of North America, a corporation (Insurance) and was the owner of a Chrysler automobile. One Donald D. Bolland (Bolland) was an employee of and resided in the Boley household.

On May 3, 1959, Bolland was driving the Chrysler (whether he had Boley's permission is a tendered issue) and collided with an automobile driven by the plaintiff, resulting in injuries to her.

Insurance's representative took plaintiff's statement concerning the accident on May 7, 1959, and about May 12, 1959, received a medical report from one of plaintiff's treating physicians.

On May 11, 1960, defendant received a copy of plaintiff's complaint against Bolland, seeking damages for her injuries. On March 8, 1960, Insurance received a copy of notice of default, with information that a hearing on such default was set for March 18, 1960. Insurance appeared not.

Plaintiff commenced an action against Bolland to recover damages and on January 11, 1960, served a copy of her complaint on Insurance. On March 8, 1960, Insurance received a copy of notice of default in plaintiff's action, with information that a hearing on such default was set for March 18, 1960. On May 27, 1960, plaintiff received a default compensatory and punitive money judgment against Bolland. A copy of the judgment was forwarded and received by Insurance on June 14, 1960.

In this diversity action plaintiff seeks to recover payment of her default judgment from Insurance under the contention that Bolland was an insured under insurance policy. Insurance's policy with Boley provided, *inter alia:*

> "The unqualified word 'insured' includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * *."

Insurance desires to litigate the issue of "permission" on the part of Boley to Bolland. Plaintiff contends Insurance is

barred to raise this issue for the reason that the default judgment is *res judicata* of this tendered issue.

"Where there has been a valid final judgment against the insured, establishing his liability to one injured or damaged by his conduct, the insurer usually must accept such judgment as conclusively establishing that liability." 20 Appleman, Insurance Law and Practice § 11521, p. 221.

"Even though the insurer may have disclaimed liability and refused to defend the principal suit, the same rule applies, and the insurer is foreclosed from again adjudicating the matters determined in such action." Appleman, supra, pp. 222–3.

"Generally, the rights of one injured by the insured or claiming through him are no greater than those of the insured, and are subject to the same defenses and limitations. Nor is a judgment against the insured conclusive as to issues not necessarily determined therein. While a judgment may be conclusive as to factual issues surrounding the liability of the insured, it does not concern the insurer's liability and is not conclusive as to issues of policy coverage." Appleman, supra, pp. 225–6.

It would seem under the above authority that the issue of Bolland's liability for the accident is *res judicata* as to Insurance; however, it appears that the issue whether Bolland was driving the Chrysler with the permission of Boley at the time of the accident was not and could not have been adjudicated against Boley. Therefore, the judgment had either by default or after contest by Bolland is not *res judicata* as to any issue of policy coverage.

Plaintiff cites Estep v. Bailey, 94 Or. 59, 185 P. 227 (1919). A perusal of that case reveals the soundness of its holding, but its inapplicability here. There, Bailey covenanted with Estep against encumbrances on land sold to Estep. Estep took possession and was sued for conversion of growing crops by an oral tenant of Bailey's predecessor in interest, and suffered judgment for damages. Bailey was not a party, but he had notice of the pendency of the action and though requested, failed to defend. In the cited case, Estep sought reimbursement from Bailey, and the judgment against Estep was held to be conclusive against Bailey. Like Bailey in that case, Insurance here is bound by plaintiff's judgment as to liability, but not as to collateral matters such as policy coverage.

Insurance may assert its contention and issue of lack of permission by Boley in favor of Bolland.