Argued and submitted November 13, 1987, affirmed April 6, 1988

CHANEY et ux,
*Plaintiffs,*

*v.*

HAEDER et ux,
*Appellants,*

*v.*

DITTENHOFER,
*Respondent.*

(A8407-04122; CA A41429)

752 P2d 854

Richard Haeder, Portland, argued the cause for appellants. With him on the brief was Bradford Lamb, Portland.

Sandra A. Hansberger, Portland, argued the cause for respondent. On the brief was Don G. Swink, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This action involves the question whether, under a statutory warranty deed, a grantor is liable to a grantee for costs and attorney fees incurred in defending against an unsuccessful claim of adverse possession. ORS 93.850(2)(c)(C). We hold that, under the facts of this case, there is no liability. Accordingly, we affirm.

In 1982, defendants Haeder purchased property from defendant Dittenhofer (defendant), who conveyed by a statutory warranty deed. The property was described:

> "Lot 7, Block B, Subdivision of Lots 2, 6, 7 and 9, in Tract D of SMITH's ADDITION TO THE CITY OF PORT-LAND, in the City of Portland, County of Multnomah and State of Oregon."

Two years later, plaintiffs Chaney sued the Haeders, claiming title by adverse possession of a strip of land within the boundary of lot 7. The Chaneys obtained a temporary restraining order and sought a preliminary injunction. Defendant was out of town during that time, and the attorney who had represented her during the sale to the Haeders appeared at the preliminary injunction hearing.

The Haeders notified defendant that the Chaneys had sued them and demanded that she appear and defend their title to the property or reimburse them for any expenses incurred in defending their interests, including attorney fees. Defendant did not respond. The Haeders then filed a third-party action against defendant. No one contends that defendant defrauded anyone or knew at the time of the conveyance that the Chaneys' claim existed either actually or potentially.

The trial court found for the Haeders on the adverse possession claim. However, it found against them at the subsequent trial on their third-party claim. In that trial, the judge concluded that defendant had, in fact, conveyed the land described in the deed and, therefore, was not obligated to indemnify the Haeders for defending the unsuccessful adverse possession claim. The Haeders appeal only the trial court's denial of their defense expenses, contending that defendant breached her covenant, under ORS 93.850(2)(c)(C), to defend the title to the property she conveyed to them.

ORS 93.850(2)(c) provides that a statutory warranty deed

"shall include the following covenants, each of which shall run in favor of the grantee and the successors in title of the grantee as if written in the deed:

"(A) That at the time of the delivery of the deed the grantor is seized of the estate in the property which the grantor purports to convey and that the grantor has good right to convey the same.

"(B) That at the time of the delivery of the deed the property is free of encumbrances except as specifically set forth on the deed.

"(C) That the grantor warrants and will defend the title to the property against all persons who may *lawfully* claim the same." (Emphasis supplied.)

The covenant in question is (C), which the Haeders contend actually contains two covenants: a warranty of title and a separate covenant to defend that title. They argue that the statutory language—"will defend the title to the property against all persons who may lawfully claim the same"—requires a grantor to come forward, after notice of an adverse claim, and actively defend the title rather than indemnify the grantee only when the adverse claim is successful. Legislative history indicates that ORS 93.850 was intended to provide a modern simplified form of warranty deed and to codify existing law with regard to the effect of a conveyance of real property by a warranty deed in statutory form. *Leach v. Gunnarson,* 290 Or 31, 38, 619 P2d 263 (1980).[1]

Although appellate courts have not interpreted ORS 93.850(2)(c)(C) specifically, its language has been interpreted in similar contexts and its meaning is well-settled. In *King v. Talcott,* 80 Or App 701, 723 P2d 1058, *rev den* 302 Or 158 (1986), we addressed the issue of whether a vendee in a land sale contract is entitled, under ORS 20.096 and the contract, to attorney fees incurred in defending against an implied easement claim. Under the contract, the vendor covenanted that the land was "free from all encumbrances * * * and that [the

---

[1] In *Leach,* the Supreme Court reviewed the law regarding warranty deeds, specifically, a grantor's covenant against encumbrances. ORS 93.850(2)(c)(B); ORS 93.850(3).

vendee] shall have quiet enjoyment of said property, and that [the vendor] will warrant and defend the same against all lawful claims whatsoever." The vendee argued that his successful defense against an implied easement claim amounted to an enforcement of the covenant against encumbrances, for which he was entitled to recover his attorney fees. We explained the covenant against encumbrances:

"It protects the grantee against all encumbrances, except those expressly excluded, existing as of the date of delivery. *See Leach v. Gunnarson,* 290 Or 31, 36, 619 P2d 263 (1980). The covenant is not broken unless the alleged encumbrance is 'valid, legal and subsisting.' 20 Am Jur 2d, 'Covenants, Conditions and Restrictions' § 84; *see also Ellis v. Abbott,* 69 Or 234, 138 P 488 (1914).[2] In other words, a covenant against encumbrances is essentially an agreement to indemnify the grantee, *see Falk v. Amsberry,* 53 Or App 735, 738, 633 P2d 799 (1981), *in the event of a valid claim;* it does not come into play if there is no valid claim. Thus, defendant's successful defense against the implied easement claim did *not* amount to an enforcement of the covenant.

---

"[2] The court held:

" '[A] vendee who, after an unavailing notice to his vendor, *unsuccessfully* defends the title that has been warranted to him is entitled to recover from the vendor as a part of the damages the reasonable amount of attorney's fees for making the defense.' 69 Or at 240. (Emphasis supplied.)" 80 Or App at 706.

In *Estep v. Bailey,* 94 Or 59, 185 P 227 (1919), the grantors sold and conveyed land to the grantee by a deed containing the usual covenants, including "that [the grantors] * * * shall warrant and forever defend the above granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever * * *." Thereafter, a third party with an outstanding lease successfully sued for the price of crops which he had planted on the deeded land. The court held that the existence of a *valid* lease at the date of the deed was a breach of the covenant against encumbrances for which the grantees were entitled to recover expenses incurred in defending against the third-party claim. 94 Or at

66; *see also Ellis v. Abbott,* 69 Or at 234, 240, 138 P 488 (1914); *Balte v. Bedemiller,* 37 Or 27, 32-33, 60 P 601 (1900).[2]

 Covenant (C) is an agreement by the grantor to compensate the grantee in money *if title fails* or, in general, to protect against adverse *lawful* claims and demands. *See* 21 CJS "Covenants," § 47; 20 Am Jur 2d "Covenants, Conditions, and Restrictions," § 50. The covenant carries with it the obligation to defend and protect the grantee against the *lawful* claims of all persons asserted thereafter and to indemnify for costs incurred where the grantee in good faith, but *unsuccessfully,* undertakes to defend the title. *See* 6A Powell, *Law of Real Property,* § 899 (1987); 4 Tiffany, *Real Property,* § 1020 (1975); 20 Am Jur 2d 625, § 54. Like the covenant against encumbrances, this covenant does not extend to adverse claims that are without legal foundation, but only against *hostile titles, superior in fact to that conveyed by the grantor.* 20 Am Jur 2d 627, § 56. Because the covenant is prospective in nature, the underlying claim must be resolved before there can be a breach of warranty and a subsequent duty to indemnify.

Under the facts of this case, the grantee is not entitled to demand of the grantor expenses in defending a suit which sustained the title as valid. The covenant does not protect against the mere assertion of an adverse claim. The grantor did not warrant that no one should ever sue the grantees or in any way bind herself to indemnify them for expenses incurred in defending against assaults by inferior titles.

Here, the Haeders successfully defended against the adverse possession claim. Because the Chaneys did not assert a valid, lawful claim, covenant (C) was not broken, and the agreement to indemnify was not triggered. Therefore, the Haeders are not entitled to indemnification.

Affirmed.

---

[2] In *Balte,* the purchaser sought costs of defending title to a mare against a third-party claimant. The court, concluding that the seller had breached an implied warranty of title, held:

"If the purchaser defends the title against an action brought by a third party, of which the vendor had notice, the latter will be compelled to pay, *in case the title fails,* not only the price received, and interest thereon, but also the costs and expenses of the defense." 37 Or at 32. (Emphasis supplied.)