————o————

JOHN GAM *vs.* ABSALOM CORDREY.

*Trover—Deed of Conveyance—Effect of on Growing Wheat Crop.*

1. Where the owner of real estate executes and delivers a deed of conveyance therefor to another, without any reservation of the growing wheat crop, the said crop, and all the interest of the grantor, whether as tenant, owner or otherwise, passes to the grantee.

2. Trover, in substance, is a remedy to recover the value of personal chattels wrongfully converted by another to his own use.

(*November 28, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*John H. Rodney* for plaintiff.

*Anthony Higgins* for defendant.

Superior Court, New Castle County, November Term, 1902.

ACTION OF TROVER (No. 41, November Term, 1901).

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action of trover, the form

of which is fictitious. In substance it is a remedy to recover the value of personal chattels, wrongfully converted by another to his own use.

John Gam, the plaintiff, claims that on September 6, 1901, he was the rightful owner of 438 bushels of wheat, which he alleges Absalom Cordrey, the defendant, wrongfully converted to his own use and refused to deliver up to the plaintiff on demand then made.

The defendant, however, claims that the wheat belonged to him, Cordrey, and not to Gam, the plaintiff.

The single question for you to determine in this suit is, to whom did the wheat in question rightfully belong at the time of the alleged conversion by Cordrey.

It is admitted on both sides, that on February 23d, 1901, the wheat which is the subject of controversy in this suit was growing upon a farm or tract of land at St. Augustine, St. Georges Hundred in this county. That Emma M. Gam, the wife of John Gam, the plaintiff, was the owner of the said farm. That by deed of conveyance bearing the last named date, the said plaintiff John Gam, and his wife, conveyed the said land in fee simple to Absalom Cordrey, the defendant, without any reservation in the said deed of the wheat crop growing thereon.

We may say to you, gentlemen, as a matter of law, that by the terms and effect of such deed, the wheat crop then growing on the land, and all the interest of both Gam and his wife, whether as tenant, as owner or otherwise, passed thereunder to Cordrey, the defendant , and he thereby became the owner of the wheat growing on the land. Furthermore, the language of the said deed cannot be contradicted or varied by any antecedent parol agreement between the parties ; if any such agreement there may have been.

Your inquiry, therefore, is narrowed down to whether there has been any change of ownership in the said wheat since the date and delivery of the said deed ; this you are to determine from the evidence submitted in this cause.

If from a preponderance of the evidence you shall be satis-

fied, that at the time of the alleged conversion by Cordrey, he (Cordrey) owned the wheat, your verdict should be for the defendant.

If, on the other hand, you should believe from such preponderance of the evidence, that at that time the wheat belonged to John Gam; then your verdict should be for the plaintiff, and for such sum as from the evidence you may find to be the value of the wheat at the time of the alleged conversion.

The burden of proof is upon the plaintiff, who claims to have been the owner of the wheat, which was in possession of the defendant and which the plaintiff alleges he wrongfully converted to his own use. The plaintiff is not entitled to your verdict unless he establishes such ownership.

Verdict for defendant.