JOSEPH MUSIAL ET UX. *vs.* DANIEL KUDLIK.

Second Judicial District, Norwich, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The existence of an outstanding lease on premises conveyed by warranty deed constitutes a breach of the covenant against incumbrances.

The purchaser may accept the tenant and waive his rights under the covenant, or he may recover damages for its breach.

The fact that the law makes the rent an incident to the reversion does not supply the place of an understanding that the property is conveyed subject to the lease.

In an action to recover damages for the breach of a covenant against incumbrances in a deed of land, by reason of a lease outstanding upon the premises, the defendant in his answer set up an agreement by the plaintiffs to accept the land subject to the lease and with the lessee in possession as their tenant. The court charged the jury that if they found there was such an agreement their verdict should be for the defendant. The verdict was for the plaintiffs. *Held* that since the jury had found that there was no such agreement, the defendant's motion for a directed verdict, his motion to set aside the verdict as against the evidence, motion in arrest, and motion for a judgment notwithstanding the verdict, each based upon the claim that the lease was not an incumbrance within the terms of the covenant, were all properly denied.

Musial *v.* Kudlik.

Where the rental value of a farm for the unexpired portion of the lease is to be determined from a variety of circumstances, and the jury award a sum not large in itself and probably less than the cost to each of the parties of another trial, this court will not be quick to set aside the verdict as indicating prejudice or partiality.

Under General Statutes, § 766, damages arising subsequent to the bringing of an action may be recovered where the complaint itself, in the absence of other notice, informs the defendant that such damages will be claimed.

In the present case the plaintiffs alleged that they had been subjected to great loss and damage on account of being deprived of the possession of the premises they had purchased, and that they would " continue to suffer great loss, expense, annoyance and inconvenience until said lease expires on April 1st, 1910." *Held* that this notice respecting damages subsequent to the date of the complaint, was a sufficient compliance with the terms of the statute; and that if the defendant had desired fuller particulars he should have moved for them.

The plaintiffs claimed to be entitled to recover as special damage, in addition to the rental value of the unexpired term, a small sum expended by them in moving to and from the premises. *Held* that under the circumstances this item was properly allowed; and that an allegation that the plaintiffs, in consequence of having been kept out of the premises, "have been obliged to undergo great trouble and expense in seeking and obtaining another place of abode," was sufficient notice of the claim.

The underlying principle in cases of this character is that the damages should be estimated according to the real injury caused by the existence of the incumbrance.

The covenant against incumbrances is a personal covenant which does not run with the land and affects only the possession; and is broken at once upon the delivery of the deed, if there is an outstanding term which the tenant refuses to surrender.

The damages recoverable by the grantee, to wit, the fair rental value of the premises for the unexpired portion of the lease, are not to be reduced by the amount of rent which the tenant might have had to pay to the grantee had he chosen to recognize and accept the tenancy.

This court will not consider questions of law based on a refusal to charge which are not properly assigned in the appeal and which were not fairly raised by the instruction requested.

The trial court erroneously admitted certain evidence as to special damage, but in the charge made it clear to the jury that they were not to allow as damages any of the expenses referred to in the objectionable testimony. *Held* that thereby the admission of that testimony was rendered harmless.

Evidence of the value of crops growing on the premises at the time of

the conveyance, is admissible only as bearing on the fair rental value of the premises.

Argued April 29th—decided June 13th, 1913.

ACTION to recover damages for breach of a covenant against incumbrances, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiffs for $168, and appeal by the defendant. *No error.*

*Donald G. Perkins* and *Edmund W. Perkins,* for the appellant (defendant).

*Hadlai A. Hull,* for the appellees (plaintiffs).

THAYER, J. It is an admitted fact upon the pleadings that on the 2d day of August, 1909, the defendant conveyed to the plaintiffs a farm on which crops were then growing; the conveyance being by a warranty deed containing the usual covenants, including one that the premises were "free from all incumbrances whatsoever." The plaintiffs' action is based upon the alleged breach of the last-named covenant. As admitted by the pleadings, there was at the time an outstanding lease of the farm to one Dolbeare, who was then in possession under the lease, the term of which did not expire until the first day of the following April. The defendant upon the trial claimed that this lease did not constitute an incumbrance upon the premises within the meaning of the covenants in the deed. The court charged that an unexpired lease upon premises of which a grantor gives a warranty deed is an incumbrance and a breach of the covenant against incumbrances.

If a grantee, knowing of the existence of a lease upon the premises conveyed to him, accepts the lease, and the tenant attorns to him, it is doubtless true, as claimed by

the defendant's counsel, that the lease is not a breach of the warranty against incumbrances for the reason that, by the understanding and consent of the parties, the tenant's possession in such case is the possession of the grantee. The existence of a favorable lease upon premises might be one of the inducing causes of the purchase. It would depend upon the purpose for which the purchase was made, whether for an investment or for personal occupancy by the purchaser. In the latter case, the existence of a lease upon the premises for a longer or shorter period, unknown to the purchaser, might frustrate his purpose in purchasing and be a serious incumbrance and detriment to him. Where, without accepting the lease, the purchaser takes a conveyance of property relying upon the covenant against incumbrances, a lease existing upon the property for an unexpired term constitutes an incumbrance, and is a breach of the covenant. *Demars* v. *Koehler*, 62 N. J. L. 203, 205, 41 Atl. 720; *Clark* v. *Fisher*, 54 Kan. 403, 406, 38 Pac. 493, 495; *Fritz* v. *Pusey*, 31 Minn. 368, 369, 18 N. W. 94; *Porter* v. *Bradley*, 7 R. I. 538, 541. The fact that, as in this State, the rents under an outstanding lease pass as an incident to the reversion, so that the purchaser of the reversion is entitled to and may collect the rents due under an existing lease, does not deprive him of his legal rights under the covenant. *Demars* v. *Koehler*, 62 N. J. L. 203, 205, 41 Atl. 720. He may, if he sees fit, accept the tenant and waive his rights under the covenant, but is not bound to do so; for, as already mentioned, his purpose in purchasing may have been for personal occupancy, and consequently a serious damage may have resulted to him from the existence of the incumbrance. The fact that the law makes the rents incident to the reversion does not supply the place of an understanding that the property is conveyed subject to the lease.

In the present case the answer set up an agreement by the plaintiffs to accept the farm subject to the lease and with the lessee in possession as their tenant, and the court instructed the jury that if they found that there was such an agreement the verdict should be for the defendant. The two instructions mentioned properly presented the law to the jury, and their verdict, being for the plaintiffs, shows that they found no such agreement as claimed by the defendant. The defendant's motion for a directed verdict, motion to set aside the verdict as against the evidence, motion in arrest, and motion for a judgment notwithstanding the verdict, each based upon the claim that the lease was not an incumbrance, and his request to charge that the lease was not an incumbrance, were all properly denied.

We think that the motion to set aside the verdict, because the damages were excessive, was also properly denied. The evidence in the case, as given, is not before us except by a summary agreed upon by the parties. The damages assessed were only $168.66. The court instructed the jury that if the plaintiffs were entitled to damages they could recover the rental value of the farm for the unexpired term of the lease, together with $14, the expense of moving their goods to the farm and taking them away when the tenant refused to deliver possession of the farm. The correctness of this instruction will be considered later. The damages are not large, probably do not exceed the cost to each of the parties of another trial. In a case of this character, where the rental value of a farm is to be determined from a variety of circumstances, as location, neighborhood, nearness or remoteness of markets, schools and churches, the character and productiveness of the soil, whether well watered or not, and whether healthful, and the fact that at the time of the conveyance there were growing crops upon the farm which the plaintiffs

would secure at the cost of harvesting, without expense for the labor and fertilizer which had been expended in producing them, circumstances with some of which it may be presumed the jury or some of them were familiar, the court will not be quick to set aside a verdict of this magnitude as indicating prejudice or partiality on the part of the jury.

The defendant claimed that if the plaintiffs were entitled to damages they could only recover their actual damage up to the date of the writ, which was August 23d, 1909, and that this would be the rental value of the farm for the twenty-one days between the date of the conveyance and that of the writ. The case was not tried until after the term of the lease had expired, so that no question arose as to the possible surrender of the lease before the end of the term. Under the charge of the court they were permitted to recover the rental value of the farm for the entire term of the lease unexpired at the date of the conveyance of the farm. Whether there was error in this part of the charge depends upon the construction of the complaint. Section 766 of the General Statutes permits the recovery of damages that may have accrued from the same cause of action (an action founded on contract) subsequent to the bringing of the suit, provided reasonable notice be given the defendant of the damages so designed to be proved. The plaintiffs in their complaint, in stating their damages, allege that they "have been subjected to great loss and damage on account of being deprived of the possession and occupancy of said premises; and they will continue to suffer great loss, expense, annoyance and inconvenience, until said lease expires on April 1st, 1910." This clearly gives notice to the defendant that damages will be claimed for the rental value of the premises subsequent to the date of the writ (to the end of the term). No other damages accruing

subsequent to the date of the writ were permitted under the charge, the $14 allowed for moving goods having accrued prior to the bringing of the action. The complaint gave the defendant sufficient notice of the claim for which damages were allowed, subsequent to the bringing of the action, to answer the terms of the statute. If he had desired fuller particulars of the claim he should have moved for them.

The complaint also gave the defendant sufficient notice to allow proof and a recovery of the $14 expended in moving the goods prior to the bringing of the suit. The allegation was that the plaintiffs, in consequence of having been kept out of the possession of the premises; "have been obliged . . . to undergo great trouble, expense and discomfort in seeking and obtaining another place of abode." Had the defendant desired an itemized statement of this expense he should have sought it by a motion. It appears in the statement of the evidence that it was he who moved the plaintiffs and received pay for it and he was thus fully advised of the amount.

But the real contention as to this item is that it was not properly allowable in an action upon the covenant. It is said that the rule of damages in an action upon this covenant, where the incumbrance is an outstanding lease, is the fair rental value of the premises during the time the plaintiffs were deprived of their use. This is the rule in the absence of special circumstances which enhance the damage. The underlying principle is that the damages should be estimated according to the real injury arising from the existence of the incumbrance. *Fitz* v. *Pusey*, 31 Minn. 368, 370, 18 N. W. 94; *Clark* v. *Fisher*, 54 Kan. 403, 406, 38 Pac. 493, 495. This is a personal covenant not running with the land and affecting only the possession. It is broken at once upon the delivery of the deed of conveyance, if there is an out-

standing term which the tenant refuses to surrender. In *Bernhard* v. *Curtis*, 75 Conn. 476, 54 Atl. 213, where a lessor failed to deliver the premises which he had leased, we held that the lessees might recover, as special damages, the reasonable cost of steps taken to protect themselves from loss and to diminish the loss from proper acts of preparation to occupy the leased premises. There can be no reason why in this case these plaintiffs, who purchased this farm for a home and hired the defendant to move them to it, should not recover back the amount paid to him for such removal, when it appears that the expense was incurred in good faith on their part, and that what was thus paid was lost to them because of his failure to keep his covenant.

As the purchaser may disclaim the lease and look to the grantor for damages on the covenant, his damages in the latter case cannot be diminished by the amount of the rent which the tenant could be compelled to pay had the purchaser chosen to recognize the lease and accept the tenant. An attempt to collect the rent would be to recognize the lease, and would be inconsistent with his claim under the covenant. The defendant, therefore, was not entitled to the charge requested by him, that in determining the damages on the basis of the fair rental value of the farm, the same should be reduced by the amount of the rent which the plaintiffs might have collected from the tenant under the lease.

The question raised by the sixth reason of appeal is whether the court improperly refused to charge the defendant's third request. That request related to the effect of the conveyance of the farm, and asked the court to instruct the jury that it "carried with it the right to the rent payable under the lease in the absence of any special contract providing otherwise, and Dolbeare

would become the tenant and his possession would be their possession." That the request as a whole was properly refused appears from what has already been said. This is the only question raised by this reason of appeal, but in paragraph two of the defendant's brief it is claimed that he was entitled to have the jury instructed that the conveyance carried the right to rents as bearing not only upon the question of the plaintiffs having accepted Dolbeare as their tenant, but also on account of its relation to the damages to the plaintiffs. We think that the appeal does not properly give notice that such a claim was to be raised, and that the request gave the court no notice that it was filed for the purpose of raising any such question.

The plaintiffs were not entitled to recover as damages the value of the crops which were growing upon the farm at the time of its purchase, nor for the expense and trouble to which they were put after the date of the writ in seeking another place to live, nor for sums paid for board and rent until April 1st, 1910, when they obtained possession of the farm. There was error in overruling the defendant's objections to evidence of this character which the plaintiffs were permitted to introduce. The court recognized this, and in the charge told the jury that the evidence of the value of the crops must be limited, and correctly told them that it was only to be considered as bearing upon the rental value of the premises, and, as already mentioned, told them that the plaintiffs could only recover the rental value of the premises and the $14 paid for moving to the place before suit was brought, when they supposed that possession of the farm was to be given them. This made it so plain to the jury that they were not to allow any damages for the expenses referred to in the objectionable testimony that its admission was harmless error.

As this testimony was in effect eliminated from the case by the charge, it is unnecessary to consider several assignments of error relating to the court's refusal to charge requests having reference to it and to the facts which it tended to prove. It is also unnecessary to refer specifically to other assignments of error which relate to mere verbal errors in the charge, which manifestly could not have misled the jury, and to the court's refusal to charge certain requests for which the evidence shows that there was no foundation.

There is no error.

In this opinion PRENTICE, C. J., RORABACK and BEACH, Js., concurred.

WHEELER, J. (dissenting). The opinion holds that the damage accruing to the plaintiffs from the failure to give them possession of the farm purchased, because of an outstanding lease, was the fair rental value of the farm for the unexpired term of the lease, plus certain special damages of $14. As the verdict was for $168, it follows that the jury must have found the fair rental value of the farm to have been $154.

The farm consisted of sixty acres, forty-five of which were given over to pasturage, the fair rental value of which, for the unexpired term of eight months, was admittedly $5. Upon a small part of the remaining fifteen acres were growing crops worth not to exceed $58 at the time of sale. The farm was by this lease rented for $50 a year. The only witness testifying to the fair rental value of the farm was one produced by the plaintiffs, who, upon cross-examination, said the fair rental value of the farm was $50 a year; and further that the fair rental for the period of the unexpired term of this lease, from August to March, was from $1.50 to $2 a month, or from $12 to $16. The opinion holds that

the value of the crops could not be recovered, and could only be considered as a factor in fixing the fair rental value. This is undoubtedly the law. There was no other evidence than this upon the subject of the fair rental value. The other elements, general in character, stated in the opinion, do not, so far as I can discover, appear in the finding or in the evidence. So the question for the jury was, what is the fair rental value of a farm from August to March, rented for $50 for the year, which was a fair rental, upon which were growing crops of the value of $58? The jury found this to be $154.

After instructing the jury that the measure of damages was the fair rental value of the premises, plus $14, the court said: "If you think the fair rental value of the farm was more than $50 a year, you may assess such sum in excess of $50 as you think it was in excess, but only for the eight months from August 2d to April 1st, 1910." This instruction was, under these circumstances, clearly inadequate, and this, together with the improper admission of the value of the crops and the damage to the plaintiffs' household goods as elements of damage, probably account for a verdict so grossly excessive. It is true that in its charge the court gave the jury the correct rule for measuring damage, but I fear the court's statement required further explanation and a more definite withdrawal of the purpose for which the evidence was originally offered.

No theory has been suggested in this case by which the fair rental value could be calculated as of this sum, and a reading of the record will demonstrate that no amount approximating this verdict can be reached as the fair rental value. The amount involved is small, as the opinion emphasizes; even so, I am unwilling to concur in a result which denies to this defendant his right to secure justice, either because the amount in

litigation is not of large proportion, or because the cost of maintaining his rights will exceed the defendant's possible gain.

Because the damages are highly excessive, and the charge as to damages inadequate, the defendant in my opinion is entitled to a new trial.