Dismissed July 22, appeal reinstated November 12, 1924, argued February 3, affirmed March 1, 1927.

# WESTERN GRAIN COMPANY v. BEAVER LAND–STOCK COMPANY.

### (230 Pac. 103; 253 Pac. 539.)

**Covenants—Affirmative Defense That Plaintiff Knew of Oral Leases, and Agreed to Accept Tenants, Held Insufficient to Constitute Estoppel to Claim Damages for Breach of Covenant Against Encumbrances.**

1. In action for breach of covenant against encumbrances in warranty deed, affirmative defense that plaintiff knew of verbal leases of parts of tract when it purchased premises, and agreed to accept tenants and benefits of such leases, *held* insufficient to constitute estoppel to claim damages, in absence of allegation of anything done by plaintiff that misled defendant to its injury, or prevented it from making complete defense.

**Evidence—Oral Evidence That Grantee Agreed to Accept Grantor's Tenants Held Inadmissible as Contradicting Warranty Deed Containing Covenant Against Encumbrances (Or. L., § 713).**

2. Under Section 713, Or. L., oral evidence that plaintiff, suing for breach of covenant against encumbrances in warranty deed, agreed to accept defendant's tenants, and that they attorned to plaintiff, was inadmissible as tending to contradict or vary terms of written instrument by showing that plaintiff received a less estate than deed appeared to convey.

**Covenants—Grantee Did not Waive Breach of Covenant Against Encumbrances by Accepting from Tenants Wheat Belonging to Grantor Under Oral Leases.**

3. Grantee's acceptance from tenants of portion of wheat belonging to grantor under oral leases of parts of land *held* not a waiver of breach of covenant against encumbrances in warranty deed, as grantee could have waived claim to entire crop and accepted grantor's tenants only by taking assignment of leases when covenants were delivered or entering into valid agreement to that effect.

---

2. Parol evidence to vary or explain covenant, see note in **Ann. Cas. 1915D, 865.** See, also, **7 R. C. L. 1199.**

**Appeal and Error—Instruction That Existence of Unexpired Leases Would Constitute Breach of Covenant Against Encumbrances, Entitling Grantee to Recover Damages, Held not Prejudicial.**

4. In action for breach of covenant against encumbrances in warranty deed, instruction that existence of unexpired leases, as to which there was no reservation in deed, would constitute breach of covenant, entitling plaintiff to recover damages, *held* not prejudicial to defendant.

**Trial—Instruction That Grantee was not Damaged, if It Knew That Parts of Premises were Occupied by Tenants, and Accepted Rent, Held Properly Refused as Inapplicable to Facts.**

5. In action for breach of covenant against encumbrances in warranty deed, instruction that, if plaintiff knew, at time of accepting deed, that portion of premises was occupied by tenants, acknowledged such tenancies, and accepted rent from tenants, plaintiff was not damaged, and defendant was entitled to verdict, *held* properly refused as inapplicable to facts, in view of rejection of supporting oral evidence as varying written agreement.

**Trial—Instruction to Deduct from Grantee's Damages for Breach of Covenant Against Encumbrances Value of Grain Delivered to Grantee by Tenants Held Properly Refused as Invading Jury's Functions.**

6. In action for breach of covenant against encumbrances in warranty deed by existence of oral leases on shares, instruction to ascertain amount of plaintiff's damages, if any, and deduct value of grain delivered by tenants to plaintiff, "which value was agreed to be $1,730," *held* properly refused as invading functions of jury, to which court properly left determination of value of wheat retained by tenants.

**Appeal and Error—Supreme Court must Presume That Jury Obeyed Instructions.**

7. Supreme Court must presume that jury obeyed instructions of court below.

**Covenants—Measure of Damages for Breach of Covenant Against Encumbrances by Existing Oral Leases on Shares Held Value of Crop Retained by Tenants.**

8. Measure of damages for breach of covenants against encumbrances in warranty deed by existing oral leases on shares is not rental value of premises during term vendee was deprived of possession, but value of crop retained by tenants.

Covenants, 15 C. J., p. 1272, n. 35, p. 1313, n. 26, p. 1325, n. 58, p. 1326, n. 63, p. 1337, n. 44.
Estoppel, 21 C. J., p. 1133, n. 76.
See 4 C. J., pp. 593, 611 (1926 Anno).
See 4 C. J., p. 609.

8. Damages for breach of covenant against encumbrances, see note in 35 L. R. A. (N. S.) 779. See, also, 7 R. C. L. 1181.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

APPEAL REINSTATED.

For the motion, *Mr. J. N. Hart.*

*Contra, Messrs. Winter & Maguire.*

McBRIDE, C. J.—On the 22d of July, 1924, this court, upon its own motion, dismissed this case for the reason that one year had elapsed without any brief being filed by the appellant. Later appellant made an application to have the case reinstated, filing an affidavit alleging oral acquiescence by counsel for the respondent as an excuse for his delay. This affidavit was strongly contested by the respondent.

The fact in the case was that on July 22d it appeared that nothing had been done in some sixty cases that were on the docket, and the court, in order to clear the docket and at the suggestion of the Chief Justice, made a sweeping order dismissing them for want of prosecution. Subsequently we discovered that by Chapter 10, General Laws of Oregon for 1923, which went into effect on May 1, 1924, the court was prohibited from dismissing cases on its own motion unless thirty days' notice had been given to the parties, so that all of these dismissals were in fact void.

This case coming within this prohibition, we have no other course than to reinstate it. But there has been a great deal of delay already in the matter and we will now require a brief to be filed here by appellant within ten days from the date of this opinion. Otherwise the case will be subject to dismissal in case respondent should so move.

APPEAL REINSTATED.

From Multnomah: Walter H. Evans, Judge.

Department 1.

This action was instituted to recover damages for breach of a covenant in a warranty deed. Defendant sold to the plaintiff about 5,800 acres of land in Gilliam County, conveying the same by a general warranty deed covenanting against all encumbrances, excepting a certain. mortgage therein mentioned. Two small parcels of said large tract were in the possession of two tenants under verbal leases. The plaintiff sued the defendant for damages claiming the value of the crop at the date of the delivery of the deed as its measure of damages. Defendant answered alleging in a further and separate answer that the plaintiff knew of the leases at the time it purchased the premises and agreed with the defendant to accept the two tenants and the benefit of said oral leases. For a further affirmative answer defendant alleges the same facts as ground for an estoppel. A demurrer to the first affirmative defense was overruled and sustained as to the second. The sustaining of the demurrer to the second affirmative defense is assigned as error on this appeal. The affirmative allegations in the first further and separate answer were put in issue by a reply. The other assignments of error are the refusal of the court to permit oral evidence in behalf of defendant that the plaintiff had notice of the croppers' agreement and the terms thereof and that it agreed that said croppers might remain in possession as tenants of the plaintiff. This proffered evidence was rejected because its purpose was to vary the terms of the deed conveying the land to plaintiff. The other errors assigned are an in-

struction given by the court and two refusals to give requested instructions.                              AFFIRMED.

For appellant there was a brief over the name of *Messrs. J. N.* and *J. H. Hart,* with an oral argument by *Mr. J. N. Hart.*

For respondent there was a brief over the names of *Messrs. Winter & Maguire* and *Mr. Wm. G. Smith,* with an oral argument by *Mr. Robert F. Maguire.*

COSHOW, J.—1. The second affirmative defense is not sufficient to constitute an estoppel. Those allegations, if proved, would constitute a good defense but there is nothing in the facts pleaded that would estop the plaintiff from presenting its claim for damages. There is no allegations of any act or thing done by the plaintiff that misled the defendant to its injury, or prevents it from making a complete defense to plaintiff's complaint. There is no averment of any change in defendant's affairs in reliance on plaintiff's alleged conduct. It was not error for the court to sustain the demurrer to the second affirmative defense.

2. The evidence offered and rejected was oral and to the effect that the plaintiff agreed to accept the tenants of the defendant and that the said tenants attorned to the plaintiff. The evidence was tendered for the purpose of showing that the oral leases or cropping agreements were excepted from the covenant against encumbrances. The authorities in this country are divided as to whether or not oral evidence is admissible for those purposes. This state, in accordance with the weight of authorities and better reasoning in our opinion, has held that such evidence as was offered and rejected would violate

Section 713, Or. L. Such evidence would tend to contradict or vary the terms of a written instrument, to wit: the warranty deed. It would have the effect of tending to prove that plaintiff received a less estate in the land than the deed appears to convey: *Estep* v. *Bailey,* 94 Or. 59 (185 Pac. 227); *Winn* v. *Taylor,* 98 Or. 556 (190 Pac. 342, 194 Pac. 857); *Blake-McFall Co.* v. *Wilson,* 98 Or. 626 (193 Pac. 902); *Wilson* v. *White,* 161 Cal. 453, 460 (119 Pac. 895); *Gam* v. *Cordrey,* 4 Pennew. (Del.) 143 (53 Atl. 334). The rule is not changed even though the purchaser knew that the land or part thereof was under lease: *Estep* v. *Bailey,* above; *Corbett* v. *Wrenn,* 25 Or. 305. (33 Pac. 658); *Clark* v. *Fisher,* 54 Kan. 403 (38 Pac. 493); *Musial et al.* v. *Kudlik,* 87 Conn. 164 (87 Atl. 551, Ann. Cas. 1914D, 1172, and note on page 1177).

3. Defendant contends that the effect of plaintiff accepting the portion of wheat belonging to the landlord according to the term of the oral leases was a waiver of the breach of the covenant against encumbrances. Plaintiff could have waived its claim to the entire crop and accepted the tenants of the defendant as its own tenants. In order, however, for its conduct to have that effect the plaintiff must have taken an assignment of the leases at the time the covenants were delivered or have entered into some valid agreement to that effect: *Musial et al.* v. *Kudlik,* above, note in Ann. Cas. 1914D, 1177; 15 C. J. 1272, § 111.

Parol evidence was not admissible to prove that allegation or claim when such evidence necessarily contradicted the written contract between plaintiff and defendant, to wit: the warranty deed. By operation of the deed the entire crop growing on the prem-

ises described in the deed passed to the plaintiff. Defendant was liable on its covenant against encumbrances for so much of that crop as plaintiff was deprived of by virtue of the contract between defendant and the tenants.

4. The instruction given by the court and complained of is as follows:

"I instruct you as a matter of law, gentlemen, that the giving of a warranty deed such as has been described to you conveys the entire fee of the land, and that if there subsists at the time of the delivery of the deed a valid and unexpired lease thereon, that the existence of that lease constitutes a breach of warranty unless. a reservation has been made concerning the existing lease, and if you, therefore, find that at the time of the delivery of this deed Mr. Hoag and Mr. Swanson had an unexpired lease arrangement with these predecessors in interest, and there was no reservation in the deed concerning that lease, then the giving of the warranty deed under those circumstances, giving such warranty deed, the existence of that unexpired lease or leases would constitute a breach and would entitle the plaintiff to the recovery of damages."

5. This instruction was not prejudicial to defendant. The instructions requested by the defendant and refused by the court are as follows:

"III. If you find from the evidence that the Western Grain Company knew at the time of its acceptance of the deed that a portion of the premises described in the deed were occupied by tenants, and if you further find that the said Western Grain Company acknowledged said tenancies, and accepted the rent from said tenants, then the plaintiff would not be damaged and the defendant is entitled to a verdict.

"XI. In case you find that the plaintiff has been damaged by reason of the breach of the covenant of

warranty by the defendant, then you should proceed to ascertain the amount of such damages, invoking the rules which I have given you on that subject. After ascertaining the amount of such damages, you should deduct therefrom the value of the grain that was delivered by Hoag and Swanson to the plaintiff which value is agreed to be $1,730.00, In other words, the grain delivered by Hoag and Swanson to the plaintiff should be taken into consideration, and credited to the defendant—that is, deducted from any damages which you find the plaintiff may have suffered."

Request No. III was not applicable to the facts. The evidence tendered in support of the request was rejected because oral and varied the written agreement between the parties. What has heretofore been written in this opinion is sufficient reason for sustaining the Circuit Court in refusing to give said request No. III.

6–8. Request No. XI was given in substance by the Circuit Court. Instead of stating the amount in dollars the learned Circuit Court directly instructed the jury, in accordance with the agreement and stipulations of the parties, the exact quantity of wheat retained by the two tenants and properly left the value of that wheat to be determined by the jury. The value of that wheat was one of the questions of fact which the jury should determine. It would have been clearly an invasion of the functions of the jury to have given the instruction requested by defendant. We do not believe the jury could have been misled by the instructions given by the court as to the true measure of the damages. We must presume that the jury obeyed the instructions of the court, and that its verdict is the appraisal by the jury of the wheat retained by the tenants. That is the true measure of

damages in this state under the conditions. As a general rule the true measure of damages in an action for breach of covenant against encumbrances of the nature herein found is the rental value of the premises during the term the vendee has been deprived of the possession of the land. But in cases of the kind at bar the rule of damages which has been established in this state is the value of the crop: *Estep* v. *Bailey,* 94 Or. 59 (185 Pac. 227); note to *Beutel* v. *American Machine Co.,* 35 L. R. A. (N. S.) 779, 781.

Acceptance by plaintiff of the grain tendered by the tenants is not a waiver of its right to damages for breach of the covenant against encumbrances. Defendant has no cause for complaint. It received the benefit of the grain delivered to plaintiff. Under the instructions of the court, the jury could not have failed to have taken into consideration the amount of wheat delivered to plaintiff by the tenants in fixing the amount of damages to be awarded to plaintiff: *Cross* v. *Noble,* 67 Pa. 74, 77. The judgment appealed from is affirmed. AFFIRMED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.