Samuel F. NEWTON
and Milca L. Newton,
*Plaintiffs,*

*v.*

CLACKAMAS COUNTY ASSESSOR,
*Defendant,*

*and*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4649)

A case management conference was held December 11, 2003, in the courtroom of the Oregon Tax Court, Salem.

Samuel F. Newton and Milca L. Newton, Plaintiffs (taxpayers), filed motions and argued the cause *pro se.*

Susie L. Huva, Clackamas County Assistant County Counsel, Oregon City, filed the motion to dismiss and argued the cause for Defendant (the county).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed an Answer for Defendant (the department).

Decision for Defendants rendered February 23, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case was the subject of a case management conference held in the courtroom of the Oregon Tax Court. Plaintiffs (taxpayers) appeared *pro se* through Samuel Newton, who also provided information to the court. At that proceeding, Defendant Clackamas County Assessor (the county) orally moved to dismiss and has confirmed that request with a written motion to dismiss.

## II. FACTS

From the pleadings and exhibits thereto and from statements made in court, it appears that taxpayers appeared in person for a case management conference on the action they filed in the Magistrate Division. Rather than participate in that conference, taxpayers insisted that the magistrate and others present sign a form of affidavit offered by them. The affidavit apparently stated the signatory would abide by the United States Constitution, provisions of which taxpayers believe prohibit the State of Oregon from taxing their real estate.

When the magistrate assigned to the case refused to sign the affidavit, taxpayers refused to proceed with the assigned magistrate. The magistrate then adjourned the conference but allowed taxpayers additional time to decide if they wanted to proceed with their case. Taxpayers refused to proceed with the assigned magistrate and their Complaint was dismissed for lack of prosecution.

Taxpayers then appealed to this division by filing a Complaint. During a case management conference, the county orally moved to dismiss the case. In their written

motion to dismiss, the county claimed that taxpayers "failed to state a claim for relief supportable under the law, and failed to preserve their right to appeal."

## III. ISSUE

Was the dismissal of taxpayers' case by the magistrate proper?

## IV. ANALYSIS

■■ The court will review *de novo* the Decision of Dismissal from the Magistrate Division. Review of the Magistrate Division's decision is confined to determining whether the magistrate abused his discretion in dismissing this case. This analysis will not include an evaluation of the taxpayers' substantive property tax claims.

■ The Magistrate Division does not have a rule governing lack of prosecution. The Regular Division does have such a rule that allows the court to dismiss a case for lack of prosecution if either there has been no action on the case for six months or when any party makes a motion for dismissal. TCR 54 B(3). However, this court has held that the Magistrate Division is not required to follow the Regular Division rules in all cases. *See Dept. of Rev. v. Ritchie Chevron, Inc.*, 14 OTR 406 (1998).

■■ Courts have long had the inherent power to dismiss cases for lack of prosecution. *Reed v. First Nat. Bank of Gardiner*, 194 Or 45, 241 P2d 109 (1952). In *Reed*, the court stated that a judge's power to dismiss cases for lack of prosecution existed long before any statute gave them such power. *Id.* at 56. The court acknowledged that a court may proceed either under the statute or on its own motion. *Id.* at 57. When a court acts upon its own motion, that ruling can only be disturbed on appeal if "it is manifest from the record that the court's discretion has been abused." *Id.*

Here taxpayers insisted that the magistrate sign an affidavit relating to the magistrate's commitment to uphold the United States Constitution. No rule of this court or statute permitted such a demand and the magistrate properly refused. Taxpayers then chose to refuse to proceed with the

assigned magistrate, apparently unaware that all magistrates of this court are bound by an oath to uphold the constitutions of Oregon and the United States. *See* ORS 305.498(4).[1]

This case is different than the typical lack of prosecution case. Instead of having a silent taxpayer, these taxpayers adamantly and unreasonably refused to proceed with their case unless a magistrate signed their affidavit. Because neither of the conditions found in the Regular Division rule applies in this case, the magistrate was justified in choosing not to follow the Regular Division rule.

Taxpayers failed to inform themselves of basic facts about the court in which they chose to file an action. They then chose to stubbornly refuse to proceed, essentially asserting that their views on procedure must be followed. The magistrate dismissed their case, but only after the taxpayers vigorously reasserted that they would not proceed.

The procedural rules of the Magistrate Division are designed to be simple and easy to follow. The court is here to help taxpayers, but cannot even begin to do so if they are not willing to help themselves by proceeding as requested.[2]

## V. CONCLUSION

The dismissal in the Magistrate Division was proper, and the appeal by way of Complaint in this division is dismissed based on a *de novo* review of the Decision of Dismissal. Now, therefore,

IT IS ORDERED that Defendant Clackamas County Assessor's TCR 21 Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Plaintiffs' Complaint is dismissed. Costs to neither party.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

[2] An improper request on a procedural matter would be reviewable in an appeal to this division or the Oregon Supreme Court.